### EAGAN v. EAGAN.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. FINDINGS OF FACT BY REFEREE—APPEAL—REVIEW.
   Where a referee found that services of an attorney were of a certain value, and that the attorney was only to give legal advice to his client in consideration of office rent and services of stenographer, and that services of the character involved in the accounting were not included in such agreement, an order sustaining such findings will not be disturbed on appeal.

2. REFEREE'S FEES—APPEAL—AFFIDAVIT OF REFEREE.
   Where the record on an appeal from an order sustaining the report of a referee contains an affidavit of the referee, from which it appears that his charges are proper, an order fixing such fees will not be reversed on the ground that there was nothing before the lower court to show the correctness thereof.

3. REFERENCE—STENOGRAPHER'S FEES.
   Where there was nothing before the trial court or in the record to show the value of the services of a stenographer, rendered at a hearing before a referee, an order allowing compensation therefor will not be sustained, but the order will be modified by allowing stenographer's fees to be taxed by the clerk.

Appeal from special term.

Action by Alice B. Eagan against Peter Eagan. From an order confirming the report of a referee as to the compensation of defendant's counsel, defendant appeals. Modified.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Morris A. Tyng, for appellant.
Charles Strauss, for respondent. .

PATTERSON, P. J. The defendant was represented in this action by Mr. Emile Beneville, as his attorney, in all its progress from the interposition of the answer and during the trial, and until the entry of judgment in favor of the defendant. The services rendered were very effective and valuable. The plaintiff appealed from the judgment. The defendant then, desiring to change his attorney, made application to Mr. Beneville for a substitution. That was declined unless the defendant would compensate Mr. Beneville for the services he had rendered in the action. Thereupon the defendant moved the court to compel Mr. Beneville to consent to the substitution of an attorney in his place, and, upon that motion coming on to be heard, the court made an order sending it to a referee "to take proof as to the nature, extent, and value of any service performed in this action by Emile Beneville, Esq., as attorney for the defendant, and what amount, if any, is due him therefor, and also as to the existence of any lien of said Emile Beneville, Esq., in the above-entitled action, for services as attorney and counsel for the defendant therein, and, if any, the nature and extent thereof, and to report such proof or testimony, with his opinion thereon, to this court with all convenient speed." Under that order the parties interested proceeded before the referee, who reported, in substance, that the services of Mr. Beneville in the action were worth the sum of $350. A motion was made to confirm the report, and after a hearing it was confirmed, and the substitution of an attorney for the defendant was allowed upon the payment by the defendant to Mr. Beneville of the sum of $350, and the referee's and stenographer's fees in this proceeding; such fees being fixed in the order,—the referee's at $200, and the stenographer's at $200.80. The defendant appeals from the order of confirmation.

The value of the services of Mr. Beneville, as fixed by the referee, is moderate, and, indeed, it is not disputed that such services were worth at least the sum of $350. The position taken by the defendant, however, is that, by virtue of an agreement existing between himself and Mr. Beneville, the latter was not entitled to any compensation for services rendered by him to the defendant; that Mr. Beneville was the occupant of one of a suite of offices in which the defendant carried on business (he also being a lawyer); and that in lieu of rent, and as a consideration for the use of the office and of a stenographer and typewriter, Mr. Beneville had agreed to render to the defendant such services as he (the defendant) might require in the conduct of his business. Mr. Beneville insisted that the contract between himself and the defendant was that he (Beneville) should only give such advice as might be required in the ordinary conduct of the defendant's business, and that the arrangement did not extend to an obligation on his (Beneville's) part to render, without compensation, services as attorney and counsel in litigated cases, or in the examination of titles. The referee

was at liberty to find, and did find, that Mr. Beneville's version of the agreement between himself and the defendant was the correct one, and we see no reason for disturbing the conclusion at which he arrived. But the order appealed from directs the defendant to pay specific amounts as referee's and stenographer's fees, and it is urged by the appellant that there was nothing whatever before the court to furnish a basis for the allowance of the amounts directed to be paid for those fees. We have, however, in the record, an affidavit of the referee, which the appellant has allowed to come into the case, and from which it would appear that his charges are proper. There was nothing before the court, nor is there anything in the record, which shows what was the value of the services of the stenographer, or whether the amount allowed him was reasonable or excessive. Therefore the order appealed from should be modified by striking out the provision directing a specific sum to be paid to the stenographer, and inserting instead thereof a provision that the defendant also pay fees of the stenographer upon the reference; such fees to be taxed by the clerk.

As modified, the order should be affirmed, without costs. All concur.